UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

THE UNITED STATES OF AMERICA,          :

                                                                  :          <u>NOTICE OF MOTION</u>

          -against-          :          Ind. No.: 07CR 822 (SCR)

                                                                  :

HECTOR BARRERAS,

        Defendant.
------------------------------------------------------------------------X

LAWRENCE M. FISHER, being duly sworn, deposes and says:

      1.      That I am the attorney for the captioned defendant and submit this affidavit in support of an application for the relief requested in the Notice of Motion, annexed hereto.

      2.      That I make this affidavit upon information and belief. The sources of my information are conversations with the defendant, a reading of the discovery provided by the Government and information obtained during a bail application (detention hearing) which occurred in this case.

## STATEMENT OF FACTS

      3.      On July 23, 2007, sometime after 9:30 in the evening, the defendant was lawfully operating a Toyota Avalon, when the vehicle was stopped in the vicinity of Tuckahoe Road and Central Avenue in Yonkers by a number of agents assigned to the Drug Enforcement Administration. The defendant has denied that he committed any violation of the Vehicle and Traffic Law prior to the stop.

      4.      The agents claim to have had conversations with the defendant as a result of which he consented to a search of the vehicle. It must be noted that the point these conversations occurred, the defendant was in custody, and had not been given the Miranda warnings.

      5.      During the course of the bail application in this case, as well as in the "DEA 6" we received during discovery, it was alleged that the defendant consented to a search of the vehicle. The defendant has indicated that he did not consent to a search of the vehicle. Further, he was never told that he could refuse permission to search the vehicle and was not given the Miranda warnings prior to being asked the questions which the agents claim led to the consent.

      6.      Similarly, any statements made by the defendant were the product of his unlawful detention, the seizure of the cocaine and the failure to advise the defendant of his rights. It was alleged that he made a post-arrest statement which the Government will argue provides evidence that contradicts his claims above.

      WHEREFORE, it is respectfully requested that the relief sought in the Notice of Motion be in all respects granted.

Sworn to before me this 28th  
day of December, 2007.

                                          /s/  
                                LAWRENCE M. FISHER  
                                Attorney for the Defendant  
                                350 Broadway – 10th floor  
                                New York, N.Y. 10013  
                                Tel. No. (212) 226-5700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

THE UNITED STATES OF AMERICA,      :

:      <u>NOTICE OF MOTION</u>

-against-      :      Ind. No.: 07 CR 822 (SCR)

:

HECTOR BARRERAS,

Defendant.
------------------------------------------------------------------------X

HECTOR BARRERAS being duly sworn, deposes and says:

      1.     That I am the captioned defendant and submit this affidavit in support of an application for the relief requested in the Notice of Motion, annexed hereto.

      2.     On July 23, 2007, I was driving a car, and had just entered the intersection of Tuckahoe Road and Central Avenue in Yonkers, when my vehicle was stopped by an unmarked vehicle, which I later learned was a police vehicle. I had committed no traffic violations prior to the stop and I was wearing my seatbelt, contrary to what the police claim.

      3.     I was detained by the officers. I was never given what my attorney tells me are the "Miranda warnings" before I answered any police questions. I did not give the police permission to search the car or any contents therein.

      4.     At some point, I was asked questions about my conduct. I was not told before the questioning that I could consult with and have an attorney present prior to answering questions. I do not recall being advised of any of the other rights that my attorney tells me are supposed to be given before questioning.

      5.     This affidavit was prepared for me by my attorney and does not contain each and every fact related to my arrest. Similarly, my attorney's affidavit does not contain each and every fact related to my arrest.

      WHEREFORE, it is respectfully requested that the relief sought in the Notice of Motion be in all respects granted.

Sworn to before me this
28th day of December, 2007.                              /s/
                                                                                       HECTOR BARRERAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

THE UNITED STATES OF AMERICA,          :

                                                                                                :          NOTICE OF MOTION

        -against-                                :          Ind. No.: 07 CR 822 (SCR)

                                                                                :

HECTOR BARRERAS,

                             Defendant.
-----------------------------------------------------------------------X


**DEFENDANT'S MEMORANDUM OF LAW**


                                                                                LAWRENCE M. FISHER
                                                                                Attorney for Defendant
                                                                                350 Broadway – 10th floor
                                                                                New York, N.Y.  10013
                                                                                (212) 226-5700

# **TABLE OF CONTENTS**

**PAGE**

POINT I……………………………………………………………………….  6

    THE STOP OF THE VEHICLE BASED UPON THE
    INFORMATION AVAILABLE TO THE AGENTS WAS
    IMPROPER, REQUIRING SUPPRESSION OF ALL
    EVIDENCE SEIZED

POINT II ………………………………………………………………………  8

    THE CONDUCT OF THE AGENTS, IN DETAINING THE
    DEFENDANT FOR INVESTIGATION, VIOLATED THE
    DEFENDANT'S CONSTITUTIONAL RIGHTS, REQUIRING
    SUPPRESSION OF ALL EVIDENCE SEIZED FROM HIS
    PERSON AND FROM THE VEHICLE HE WAS OPERATING

POINT III ……………………………………………………………………… 11

    THE SEARCH OF THE TOYOTA AVALON VIOLATED
    THE DEFENDANT'S FOURTH AMENDMENT RIGHTS

POINT IV ……………………………………………………………………… 14

    ANY AND ALL STATEMENTS MADE BY THE DEFENDANT
    MUST BE SUPPRESSED BECAUSE THEY WERE
    INVOLUNTARILY MADE WITHIN THE PROSCRIPTION
    OF THE FOURTH AND FIFITH AMENDMENTS

CONCLUSION ………………………………………………………………… 15

**POINT I**

**THE STOP OF THE VEHICLE BASED UPON THE INFORMATION AVAILABLE TO THE AGENTS WAS IMPROPER, REQUIRING SUPPRESSION OF ALL EVIDENCE SEIZED THEREAFTER**

A traffic stop is a seizure within the proscriptions of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-810, 116 S.Ct. 1769 (1996); *United States v. Scopo*, 19F. 3d777, 781 (2d. Cir. 1994). Such a stop is constitutionally permissible only when predicated upon reasonable suspicion, based upon specific and articulable facts, that the individual stopped is engaged in unlawful activity. *United States v. Brignoni-Ponce*, 422 U.S. 873. 884, 95 S. Ct. 2574 (1975). There is a line separating stops based upon objectively credible reasons from those which are based upon the essentially unfettered discretion of officers in the field, *Brown v. Texas,* 443 U.S. 47, 51, 99 S. Ct. 2637 (1979).

Here, agents of the Drug Enforcement Administration (hereinafter, "DEA") stopped the Toyota automobile that was being operated lawfully by the defendant. Prior to the stop, there was no information possessed by the DEA regarding the defendant or the vehicle. Although the police claim the defendant was not wearing a seatbelt, the defendant denies that he committed any vehicle and traffic violation prior to the stop.

This Court must initially determine whether or not the stop of the vehicle was justified at it inception. *United States v. Sharpe*, 470 U.S. 675, 682, 105 S.Ct. 2574 (1975). An investigative stop is violative of the Fourth Amendment, when there are no specific, articulable facts to support the conclusion that <u>the individual stopped</u> was engaged in criminal activity. *United States v. Nargi*, 732 F. 2d 1102, 1105 (2d Cir. 1984).

6

Sub judice, the officers conducting the stop had seen no criminal or suspicious conduct and were in possession of no information which in any way suggested that the vehicle was being used in the violation of the law.

The stop here cannot be justified, based upon the type of behavior exhibited by the defendant, as sufficient, in the mind of a trained law enforcement officer, to warrant an investigative stop. *United States v. Alexander*, 907 F. 2d 269, 272 (2d Cir. 1990). Rather, these facts fall within the class of cases which are deemed insufficient to support the interference, because premised upon the sheerest speculation, suspicion or hunch. *United States v. Sokolow*, 490 U.S. 1,7, 109 S.Ct. 1581 (1989). There was absolutely no indication of any illicit activity on the part of the individual who was stopped. *United States v. Ramirez-Cifuentes*, 682 F. 2d 337, (2d Cir. 1982).

Since there were no specific, objective and articulable facts which gave rise to a reasonable belief that the occupant of this vehicle had engaged, was then engaged or was about to engage in criminal activity, all evidence seized thereafter must be suppressed. *United States v. Cortez*, 449 U.S. 441, 417, 101 S. Ct. 690 (1981); *United States v. Harley*, 682 F. 2d 398, 400-01 (2d Cir. 1982).

**POINT II**

**THE CONDUCT OF THE AGENTS, IN DETAINING THE DEFENDANT FOR INVESTIGATION, VIOLATED HIS CONSTITUTIONAL RIGHTS, REQUIRING SUPPRESSION OF ALL EVIDENCE SEIZED THEREAFTER.**

The progeny of the Supreme Court's decision in *Terry v. Ohio*[1] has delineated for the Courts and law enforcement personnel, three levels of "interaction" between police and our citizenry. *United States v. Tehrani*, 49 F.3d 54 (2d Cir. 1994). The most extreme form of police action, to wit, a "seizure," which the Fourth Amendment prohibits in the absence of a warrant or probable cause, occurs when police exert either physical force or a show of authority to which the subject yields. *California v. Hodari D*, 499 U.S. 621, 111 S.Ct. 1547 (1991). If the police possess the lesser factual level of "reasonable suspicion" that criminal activity is at hand, they may conduct a limited stop, short of a forcible seizure, to further investigate the matter. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921 (1972).

Here, the police conduct far exceeded what was necessary or permissible under the circumstances that existed at the time that the defendant was seized. He was seized when a number of police officers approached the vehicle, prevented him from leaving, and began to question him regarding the vehicle.

The now well accepted test for determining whether a person has been seized in Fourth Amendment terms, is whether "***in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v.*

---

[1] 392 U.S. 1, 88 S.Ct. 1868 (1968).

*Mendenhall*, 466 U.S. 544, 5,100 S.Ct. 1870 (1980). If a warrantless seizure is conducted and probable cause for that intrusion did not exist, all physical evidence and statements obtained through the exploitation of that illegal arrest must be suppressed. *Dunaway v. New York*, 422 U.S. 200, 99 S.Ct. 2248 (1979); *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254 (1975); *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1934 (1968). If the Government contends that an infringement was not a "seizure" and was "sufficiently limited in scope and duration," it bears the burden of establishing that lesser level of intrusion. *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319 (1983).

Here, the defendant was detained, as aforesaid, not based upon information possessed by the DEA regarding the defendant or the vehicle but rather due to the no seat belt claim.

It is clear that a permissible investigative stop may turn into an unlawful arrest if the methods used by the authorities are more intrusive than necessary. *United States v. Perea*, 986 F.2d. 633,634 (2d Cir. 1993); *Posr v. Doherty*, 944 F.2d. 91 (2d Cir. 1991). If an investigatory stop based upon reasonable suspicion continues for too long or is unreasonably intrusive, it is transformed into a defacto arrest. United States v. Glover, 957 F. 2d 1004, 1011 (2d Cir. 1992). As the Second Circuit stated in *Perea*:

> "We look to the amount of force used by police, the need for such force, and the extent to which the individual's freedom of movement was restrained,***whether the target of the stop was suspected of being armed***." 986 F.2d at 645.

9

The police response here constituted far more than the simple request for information, accomplished without any show of force or intimidating conduct, which has been approved by the Second Circuit, *United States v. Springer*, 946 F.2d 1012 (2d Cir. 1991); *United States v. Lee*, 916 F.2d 814 (2d Cir. 1990).

There can be little doubt that anyone who was inside the defendant's vehicle would have believed, with good reason, that he or she was not free to leave (*United States v. Mendenhall, supra*), or to disregard the request or to terminate the encounter. *Florida v. Bostwick*, 501 U.S. 429,434, 111 S.Ct. 2382 (1991). Certainly, the agents' actions and words would have conveyed that sentiment to any reasonable person. *California v. Hodari D.,supra.* The factors required to establish a forcible seizure were present. *United States v. Gomez*, 633 F 2d. 999 (2d Cir. 1980); *United States v. Sugrim*, 732 F.2d 25, 28 (2d Cir. 1984).

The fact that the officers may claim to have been investigating a drug-related crime, that being an attempt to locate a narcotics subject who eluded capture, affords them no greater rights than any other policeman conducting a so-called "terry" stop. *United States v. Levy*, 731 F.2d 992 (2nd Cir. 1984). As succinctly stated by the Second Circuit, in words equally applicable to this case:

> "[While] narcotics traffickers are often armed and violent… that generalization, without more is insufficient to justify the extensive intrusion which occurred in this case. If it were, any narcotics suspect even if unknown to the agents and giving no indication that force is necessary could be faced with a 'maximal intrusion' based on mere reasonable suspicion." *United States v. Ceballos*, 654 F.2d 177, 184 (2nd Cir. 1981).

Since the actions of the police at the moment of the seizure exceeded what was either reasonable, or necessary, it is clear that, independently of the illegality of the initial stop, the defendant's Fourth Amendment rights were violated by the unlawful seizure.

## POINT III

**THE SEARCH OF THE VEHICLE VIOLATED THE DEFENDANT'S FOURTH AMENDMENT RIGHTS.**

It is well established that searches conducted without a warrant are per se unreasonable, subject to a few well-recognized exceptions. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041 (1973). One of the exceptions to the general rule is an automobile search, which may be sustained if based upon probable cause to believe that the vehicle contains contraband or evidence of a crime. *California v. Acevedo*, 500 U.S. 565, 580, 111 S.Ct. 1982 (1991). However, where the Government claims that the contested search falls within such an exception, it has the burden of demonstrating that fact. *United States v. Kon Yu-Leung*, 910 F.2d 33, 41, (2d.cir. 1980).

Here, the authorities had no information and no reason to believe that the defendant's vehicle contained contraband. The car was stopped for the sole purpose of trying to develop such information. Nothing that happened after the stop justified the search.

If the Government seeks to rely upon the statements of the defendant to justify their search, that effort would be unavailing because the statements were the product of a violation of

the defendants' Fourth and Fifth Amendment rights. See *Point V,* Infra. For all of the reasons set forth in *Points I and II*, Supra, the information in the possession of law enforcement didn't even come close to establishing probable cause to believe that the vehicle contained contraband.

Alternatively, it is believed that the government will claim that the defendant consented to a search of the vehicle and/or its contents. When the validity of an alleged consensual search is at issue, the Government has the burden of establishing that the consent was freely and voluntarily given. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041 (1973). The test is whether the consent is the product of a free and unconstrained choice by its maker. *United States v. Arango-Correa*, 851 F.2d 54, 57 (2d Cir. 1988). The burden to demonstrate consent must be established by a preponderance of the evidence (*Lego v. Toomey*, 404 U.S. 477, 92 S.Ct. 619[1972]: *United States v. Calvente*, 722 F. 2d 1019, 1023 [2d cir. 1983]), and is not satisfied by a showing of submission to authority. *Florida v. Royer, supra.*

Here, after the agents detained the defendant, the agents claim that he orally consented to a search of a bag contained inside the vehicle. Defendant adamantly maintains that he did not at any time give the police consent or permission to search the vehicle or any contents therein. *Schneckloth v. Bustamonte,* supra; *United States v. Arango-Correa,* supra. Consequently, all evidence seized from the vehicle must be suppressed.

In determining whether or not a consent was voluntarily made or was instead the product of coercion, either express or implied, the Court is obligated to conduct a "fact-based examination" of the record. *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034 (1987). The

Court should review the "whole picture" (*United States v. Sokolow*, 490 U.S. 8, 109 S.Ct. 1581 [1989]), and base its determination upon the particular circumstances of the case under consideration. *United States v. Leung*, 910 F. 2d 33, 40-41 (2d cir. 1990).

Lastly, the Government may claim that the stop and search of the vehicle were justified pursuant to a protective search. *Michigan v. Long*, 463 U.S. 1032, 1050, 103 S.Ct. 3469 (1983). However, such a search is only permissible when and to the extent necessary to protect the officer from the suspect's use of a weapon against him. *Michigan v. Long*, supra; *Adams v. Williams*, 407 U.S. 143, 146, 92 S. Ct. 1291 (1972). As the Second Circuit has noted, the search may only occur when there are sufficient facts to justify the stop <u>and</u>,[2] when the police have an articulable suspicion that the person is dangerous. There is no right to search whenever an investigatory stop is conducted. *McCardle v. Haddad*, 131 F. 3d 43 (2d Cir. 1997)

Here, assuming without conceding an appropriate stop, there were no facts present which justified a protective search of the vehicle. Consequently, all evidence seized therefrom must be suppressed.

---

[2] Emphasis supplied.

# POINT IV

### THE FAILURE OF THE ARRESTING OFFICERS TO ISSUE THE "MIRANDA WARNINGS" AS WELL AS THE UNLAWFUL ARREST OF THE DEFENDANT MANDATE SUPPRESSION OF ALL STATEMENTS MADE BY HIM

It is a firmly entrenched rule of criminal law that before a suspect is "interrogated" while in "custody" he must be given a set of warnings designed to "… dispel the compulsion inherent in custodial surroundings… so that the suspect can exercise the privilege against self-incrimination." *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682 (1980); *Miranda v. Arizona*, 384 U.S. 436, 458, 86 S.Ct. 1602 (1967). The failure to issue those warnings renders inadmissible at trial any statements made in response to custodial interrogation. *Miranda v. Arizona,* supra.

In the instant case, the defendant was subjected to questioning without being apprized that he was entitled to the various Constitutional safeguards enumerated in the *Miranda* decision. There can be little doubt that the defendant was in "custody" and that he was being "interrogated."

It is also contended that the defendant's statement was a fruit of the illegal detention and must be suppressed. *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244 (1981);p *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394 (1968); *United States v. Ocampo*, 492 F.Supp. 1211 (E.D.N.Y. 1980). In sum and substance, we are presented here with an investigatory seizure such as has been condemned by the Supreme Court.

"… Investigatory seizures would subject unlimited numbers of innocent persons to the harassment and ignominy incident to involuntary detention. Nothing is more clear that the Fourth amendment was meant to prevent wholesale intrusions upon the personal security of our citizenry, whether these intrusions be termed 'arrests' or 'investigatory detentions.'" Id., at 726-727, 89 S.Ct. at 1937. Dunaway v. New York, 442 U.S. 200, 99 S.Ct., at p. 2257; See also Davis v. Mississippi, supra; and Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254 (1975); United States v. Tucker, 610 F.2d 1007 (2nd Circuit, 1979).

Consequently, the statement made by the defendant during the questioning pursuant to that unlawful seizure must be suppressed.

### CONCLUSION

**FOR ALL OF THE FOREGOING REAONS, IT IS RESPECTFULLY SUBMITTED THAT ALL EVIDENCE SEIZED FROM THE DEFENDANT AND THE VEHICLE, AS WELL AS HIS STATEMENTS MUST BE SUPPRESSED.**

Respectfully submitted,

LAWRENCE M. FISHER
Attorney for the Defendant
350 Broadway – 10th floor
New York, N.Y. 10013
Tel. No. (212) 226-5700

15